## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

ABC CORPORATION,

                Plaintiff,

v.

THE CORPORATIONS, INDIVIDUALS,
PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

**COMPLAINT**

Civil Action No. _____

## COMPLAINT

        Plaintiff, ABC Corporation, ("plaintiff"), by and through its counsel,

Rupp Pfalzgraf LLC, hereby alleges the following against defendants, the corporations,

individuals, partnerships, and unincorporated associations identified on Schedule "A" attached

hereto.

## INTRODUCTION

        1.       This is a civil action to enforce and protect plaintiff's rights against patent

infringement pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.,* including 35 U.S.C. § 271.

        2.       The patent at issue ("plaintiff's patent") was registered with the United States

Patent and Trademark Office ("USPTO") and remains in full force and effect.

        3.       Without plaintiff's authorization or license, defendants are deliberately

manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing

infringing goods within this district through various internet-based e-commerce stores and fully interactive commercial internet websites operating under the seller identification names set forth in Schedule "A" (the "Seller IDs") attached hereto as **Exhibit A**.

4.      As a result, plaintiff is enduring continuous damages to its design patent at the hands of the defendants, who unlawfully reproduce goods utilizing plaintiff's patent to sell for substantial profits.

5.      To add insult to injury, the goodwill plaintiff's patent has generated is rapidly degrading as the defendants willfully continue to trick and confuse the public.

6.      In summary, plaintiff has expended significant amounts of resources in connection with its patent enforcement efforts, including legal fees and investigative fees to combat the harm caused by defendants' infringement actions.  Plaintiff now seeks injunctive relief and damages against defendants for Patent Infringement arising under 28 U.S.C. § 1651(a) and the patent laws of the United States, 35 U.S.C. § 101 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## **PARTIES**

7.      Plaintiff is the inventor and owner of a design patent registered with the USPTO.

8.      Upon information and belief, defendants are corporations, individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.  Defendants target their business activities towards consumers throughout the United States, including New York and this district using the operation of internet-based e-commerce stores, such as TEMU, via internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to plaintiff.

9.      Upon information and belief, defendants produce and/or distribute products from foreign jurisdictions and ship their goods to fulfillment centers within the United States to redistribute their products from those locations to the American consumer.

10.      Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

11.      Upon information and belief, defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of plaintiff's patent unless preliminarily and permanently enjoined.

12.      Plaintiff has and will continue to suffer damages as a result of defendants' patent infringements unless injunctive and monetary relief is awarded by this Honorable Court.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to the Federal Patent Act, 35 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338.

15.     Defendants are subject to personal jurisdiction in this district because defendants purposefully direct their sales of goods, utilizing plaintiff's patent, to New York residents by operating stores through online platforms that offer shipping within the United States, including in this district.  The defendants continue to infringe plaintiff's patent in this district by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of plaintiff's patent through such internet-based e-commerce stores and fully interactive commercial Internet websites.

16.     Venue is proper in this district pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since defendants are, upon information and belief, aliens engaged in advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods in this district that infringe on plaintiff's patent.

## GENERAL ALLEGATIONS

17.     Plaintiff has filed this lawsuit against defendants to enjoin online patent infringers who trade upon plaintiff's revolutionary patented design by distributing, offering to sell and/or selling unauthorized infringing goods that embody the inventions claimed in plaintiff's patent.

18.     Plaintiff's patent registration is valid, in full force and effect, unrevoked and uncanceled.

19.     Plaintiff is the owner of all rights, titles, and interests to its patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement.

20.      Plaintiff has not granted a license or any other authorizations to defendants to make, use, offer for sale, sell and/or import goods that embody the design in plaintiff's patent.

21.     Upon information and belief, defendants willfully and knowingly infringe plaintiff's patent rights.  At all times relevant hereto, defendants knew or should have known of plaintiff's ownership of the patent, including its exclusive right to use and license such intellectual property.

22.     Upon information and belief, defendants are advertising, distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe plaintiff's patent in U.S. interstate commerce.

23.     Defendants offer to sell infringing goods utilizing the distinct characteristics claimed in plaintiff's patent.

24.     Upon information and belief, without any authorization, defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of infringing goods possessing each major element of plaintiff's patent.

25.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to plaintiff's intellectual-property rights.

26.     If defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, plaintiff and the consuming public will continue to be harmed.

27.     Upon information and belief, defendants' payment and financial accounts are being used by defendants to accept, receive, and deposit profits from defendants' infringing activities connected to its Seller IDs and any other alias seller identification names being used and/or controlled by them.

28.     Upon information and belief, defendants continuously create new websites and online marketplace accounts using the Seller IDs listed in Schedule "A" attached hereto as Exhibit A, as well as other unknown fictitious names and addresses.

29.     Further, upon information and belief, defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to plaintiff in order to avoid being detected and shut down.  As a result, plaintiff has no adequate remedy at law and is suffering irreparable harm, injury and substantial damages directly and proximately caused by defendants' unauthorized and wrongful use of plaintiff's patent.

30.     Defendants must be enjoined from continuing to advertise, distribute, offer for sale and/or sell products that directly infringe on the protections afforded by plaintiff's patent pursuant to well established federal patent law.

## CLAIM

### INFRINGEMENT OF UNITED STATES
### PATENT PURSUANT 35 U.S.C. § 271

31.     Plaintiff reincorporates and realleges paragraphs 1 through 30 of this complaint as if fully set forth herein.

32.     Plaintiff is the owner of all rights, titles, and interests in and to the designs covered by the plaintiff's patent, and thus, plaintiff is entitled to receive all damages and benefits of any and all remedies for defendants' infringements.

33.     Without plaintiff's permission or authorization, defendants have infringed the exclusive rights relating to plaintiff's patent by importing, manufacturing, offering for sale, and/or selling a substantial portion of the components protected in plaintiff's patent.

34.     Defendants manufactured, supplied, and assembled infringing goods that contain one or more elements claimed in plaintiff's patent.

35.     As a result, defendants are directly liable for infringing plaintiff's patent under the Patent Act, 35 U.S.C. § 271.

36.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and damage to plaintiff in an effort to reap the benefits of plaintiff's patent through unjust enrichment at plaintiff's expense.

37.     As a direct and proximate result of defendants' continuous infringement of plaintiff's patent, plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Patent Act, including Defendants' profits pursuant to 35 U.S.C. §§ 284 and 289.  Plaintiff

is further entitled to its attorney's fees pursuant to 35 U.S.C. § 285.

38.     Defendants' conduct has caused and will continue to cause plaintiff to incur substantial damages, including irreparable harm, for which plaintiff has no adequate remedy at law, unless and until defendant is enjoined and restrained from infringing the plaintiff's patent.  Plaintiff urges this Court to grant plaintiff injunctive relief, as set forth below, because of the continuing infringements of plaintiff's patent and because of the significant threat of future infringement as evidenced herein.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment, an award of equitable relief and monetary relief against defendants as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 284, and Federal Rule of Civil Procedure 65; enjoining and restraining defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from infringing plaintiff's patent in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell products that infringe on the elements protected in plaintiff's patent; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colorable imitation of plaintiff's patent in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by defendants.

B.     Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon plaintiff's request, the applicable governing internet

marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of plaintiff's patent.  The internet marketplace platforms include but are not limited to eBay, TEMU, and SHEIN.

        C.       Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon plaintiff's request, any internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with defendants' respective Seller IDs.

        D.       Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon plaintiff's request, any internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of plaintiff's patent via the e-commerce stores operating under the Seller IDs, and upon plaintiff's request, any other listings and images of goods bearing infringements of the plaintiff's patent associated with and/or linked to the same sellers or linked to any other alias seller identify cation names being used and/or controlled by defendants to promote, offer for sale and/or sell goods bearing infringements of the plaintiff's patent.

        E.       Entry of an order that, upon plaintiff's request, defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds,

up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F.      Entry of a judgment and award that defendants account for and pay to plaintiff damages adequate to compensate for defendants' infringements of the plaintiff's patent, including lost profits but in no event less than a reasonable royalty.

G.      Entry of a judgement and award of defendants' total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

H.      Entry of an Order finding that defendants' infringement was willful and an award of increased damages for willful infringement, pursuant to 35 U.S.C § 284.

I.      Entry of an Order finding this case is exceptional under 35 U.S.C. § 285 and awarding plaintiff its costs, expenses and disbursements incurred in this action, including reasonable attorney's fees as available by law to be paid by defendants.

J.      Entry of an award of prejudgment interest on the judgment amount.

K.      Entry of an Order for such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 12th day of January, 2024.

**RUPP PFALZGRAF LLC**
*Attorneys for Plaintiff*
ABC Corporation


By:_____*s/ James J. Graber*_____
       James J. Graber, Esq.
       Taylor L. Kent, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
graber@RuppPfalzgraf.com
kent@RuppPfalzgraf.com